[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS  K. KAHN
CLERK

No. 05-11578
Non-Argument Calendar

_____

D. C. Docket No. 04-00467-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EULIQUIO HURTADO-OLMEDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 24, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Euliquio Hurtado-Olmedo appeals his concurrent 135-month sentences for:

(1) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States' jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States' jurisdiction, in violation of § 1903(g), (j), and § 960(b)(1)(B)(ii). After review, we affirm.

## I. BACKGROUND

The United States Coast Guard ("USCG") observed a fishing vessel, the San Jose, in the eastern Pacific Ocean, that was riding low in the water and was not engaged in fishing activities. USCG personnel boarded the San Jose and detained its Colombian captain and seven Colombian crew members, including Hurtado-Olmedo, who served as the vessel's cook. During a search of the vessel, USCG personnel located several discolored tiles under the lower bunks in the berthing compartments. After removing the tiles, they discovered 525 bales of cocaine, weighing a total of 10,500 kilograms.

Hurtado-Olmedo pled guilty to both counts. The presentence investigation report ("PSI") assessed a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1), based on the amount of drugs (150 kilograms or more of cocaine) that Hurtado-Olmedo had possessed and conspired to distribute. The PSI recommended a two-

2

level reduction for acceptance of responsibility. Further, at sentencing, the government did not object to Hurtado-Olmedo's receiving a two-level safety-valve reduction under U.S.S.G. § 2D1.1(b)(7) and an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Thus, Hurtado-Olmeda's total offense level was 33 and his criminal history category was I, resulting in a guidelines range of 135 to 168 months.

At sentencing, Hurtado-Olmedo renewed his request for a mitigating-role reduction under U.S.S.G. § 3B1.2. The district court denied Hurtado-Olmedo's request, noting: (1) a substantial amount of cocaine was involved in the instant offense; and (2) as a cook, Hurtado -Olmedo was an integral part of this conspiracy. The government also emphasized that Hurtado-Olmedo had participated in other drug trafficking trips. The district court stated that, although Hurtado-Olmedo lived in "abject poverty," like many of the defendants interdicted in drug boats, it found no reason to sentence him below the sentencing guidelines range. The district court then sentenced Hurtado-Olmedo to 135 months' imprisonment, at the low end of the guidelines range. Hurtado-Olmedo renewed his objections. This appeal followed.

## II. DISCUSSION

A. **Mitigating-role Reduction**

Hurtado-Olmeda argues that the district court erred by failing to grant him a mitigating-role reduction. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941.

The district court did not clearly err in refusing to grant Hurtado-Olmedo a role reduction. Under the first prong of De Varon, the district court held Hurtado-Olmedo accountable for only the 10,500 kilograms of cocaine that he admitted conspiring to possess with the intent to distribute. See id. at 942-43. As to the second prong of De Varon, the evidence regarding Hurtado-Olmedo's culpability indicates that he was at least as culpable as his codefendants. The district court

also did not err in rejecting Hurtado-Olmedo's contention that he had a lesser role in the offense because he was the ship's cook. In any event, the fact that a defendant's role is less than that of other participants involved in the criminal venture does not automatically entitle him to a role reduction. See id. at 944.

**B.     Jurisdiction over Reasonableness**

Because Hurtado-Olmedo's sentence was within the correctly-calculated guidelines range, the government contends that this Court lacks jurisdiction under 18 U.S.C. § 3742 to review the reasonableness of Hurtado-Olmedo's sentence. We disagree.

First, post-Booker, this Court repeatedly has reviewed sentences within the guidelines range for unreasonableness. See, e.g., United States v. Talley, ___ F.3d ___, No. 05-11353, 2005 WL 3235409 (11th Cir. Dec. 2, 2005); United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Second, although Booker excised the standards of review in 18 U.S.C. § 3742(e), the Supreme Court explained that "the [Federal Sentencing] Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a))," and cited 18

U.S.C. § 3742(a).[1]  United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 765

(2005) (instructing appellate courts to review a sentence for "unreasonableness" in

light of the factors set forth in § 3553(a)).

Although the Supreme Court in Booker did not identify which provision of §

3742(a) provided for appeals for "unreasonableness," we conclude that a post-

Booker appeal based on the "unreasonableness" of a sentence, whether within or

outside the advisory guidelines range, is an appeal asserting that the sentence was

imposed in violation of law pursuant to § 3742(a)(1).  See United States v. Frokjer,

415 F.3d 865, 875 & n.3 (8th Cir. 2005) (holding that Booker did not alter the rule

that a district court's discretionary decision not to depart downward is

unreviewable, but noting that, after Booker, the court will "review a defendant's

argument that even a sentence within the advisory guideline range is

'unreasonable' with regard to the factors set forth in 18 U.S.C. § 3553(a), and an

_____

[1]Specifically, § 3742(a) provides a defendant may appeal his sentence if that sentence:
     (1) was imposed in violation of law;
     (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
     (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
     (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
18 U.S.C. § 3742(a).

6

unreasonable sentence would be imposed 'in violation of law' within the meaning of § 3742(a)") (citation omitted). Thus, this Court has jurisdiction under § 3742(a)(1) to review sentences for unreasonableness.

**C.    Consideration of the § 3553(a) Factors**

Hurtado-Olmedo argues that the district court erred by failing to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). After the Supreme Court's decision in Booker, a district court, in determining a reasonable sentence, is required to take into account the advisory guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a). See United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 764-66 (2005). "The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328-29 (11ᵗʰ Cir. 2005) (citing 18 U.S.C. § 3553(a)). Although the district court must consider § 3553(a)'s factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329. Instead, "acknowledgment by the district court that it has

7

considered the defendant's arguments and the factors in section 3553(a) is sufficient under <u>Booker</u>." <u>United States v. Talley</u>, ___ F.3d ___, No. 05-11353, 2005 WL 3235409, at *2 (11th Cir. Dec. 2, 2005).

Here, Hurtado-Olmedo's argument that the district court failed to consider the § 3553(a) factors is without merit. Although the district court did not explicitly state that it had considered the factors listed in § 3553(a), it was not required to do so. <u>See</u> <u>Scott</u>, 426 F.3d at 1329. The district court indicated that it had considered the nature and circumstances of the offense and the history and characteristics of Hurtado-Olmedo, including the large amount of cocaine involved in the offense, Hurtado-Olmedo's participation in other drug smuggling trips, and Hurtado-Olmedo's economic situation in Colombia. Additionally, as noted above, the district court correctly calculated Hurtado-Olmedo's guidelines range. <u>See</u> <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005) (holding that, after <u>Booker</u>, the district court must consult the correctly calculate the guidelines range before imposing sentence). Considering the sentencing transcript as a whole, we conclude that Hurtado-Olmedo has shown no reversible error.

For the reasons above, we affirm Hurtado-Olmedo's concurrent 135-month sentences.

**AFFIRMED**.

8